United States District Court
Southern District of Texas
**ENTERED**
March 09, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN RAY MELCHER | § | |
| and MELCHER HOLDINGS, INC. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-14-288 |
| | § | |
| SMALL BUSINESS LOAN SOURCE, | § | |
| LLC, ET AL. | § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable George C. Hanks, Jr., United States District Judge, is the Amended Motion to Dismiss of Defendants Small Business Loan Source, LLC (SBLS) and Wayne Ballenger; the Motion seeks the dismissal of all claims asserted against these Defendants by Plaintiffs, John Ray Melcher and Melcher Holdings, Inc. (MHI).  Having considered the Motion the Court now submits this Report and Recommendation to Judge Hanks.

The District Judge is familiar with the Plaintiffs' "whole story" in this case,[1] so the Court will only address the Plaintiffs' allegations relevant to the disposition of this Motion. Insofar as the Plaintiffs have sued these Defendants for their involvement in the actual foreclosure of MHI's property, this Court has already determined that those claims are barred by *res judicata* as time-barred.  As a result, the Plaintiffs' remaining claims only

---

[1]    See Report and Recommendation addressing the Motions to Dismiss of Wiggins and others (Instrument no. 113)

involve the Defendants' actions in SBLS's deficiency lawsuit and the ultimate receipt of the remaining $120,000.00 of MHI's $220,000.00 settlement with TWIA after the deduction of attorney's fees and costs.

On July 23, 2009, SBLS sued MHI for the post-foreclosure deficiency on MHI's mortgage loan.  MHI hired the O'Connor Lawfirm to represent it.  According to Plaintiffs, Ballenger[2] conspired with O'Connor to convince Melcher to file for bankruptcy rather than defend against the lawsuit.  Melcher did file, but MHI did not.  Following Melcher's discharge, SBLS's suit was dismissed, presumably to avoid the conspiracy from being discovered.

In 2010, MHI sued TWIA for windstorm damage to the property caused by Hurricane Ike.  MHI was represented by Todd Worrich and the Speights Law Firm.  The suit was settled in December 2011 for about $220,000.00.  Melcher's Chapter 7 Petition was still pending when the TWIA case was settled.  The settlement funds were not tendered to the bankruptcy trustee, instead, Ballenger allegedly conspired with Worrich to have the $120,000.00 paid to First Bank, the then-assignee of SBLS, to be credited against the deficiency.  First Bank was paid the $120,000.00 on November 1, 2012.  According to the Plaintiffs, by the time they learned of the payment it was too late to set

---

[2]   Plaintiffs also allege that Wiggins played a role in this scheme, but for the same reasons Plaintiffs' claims fail against Ballenger and SBLS, they fail against Wiggins.

the settlement aside.  Ultimately, this suit was filed against, *inter alios*, SBLS and Ballenger.

Plaintiffs allege they learned of the TWIA settlement on April 10, 2012, but did not discover that the payment had been made to First Bank until 2015 because Ballenger and Worrich kept it hidden from them.  But Plaintiffs also allege that on April 10, 2012, Worrich told Melcher the settlement checks had been received and were payable to the firm and the SBA, not MHI.  Consequently, Plaintiffs were aware they were at risk of receiving nothing from the settlement no later than April 10, 2012.  As a result, since the Plaintiffs' injury was not "inherently undiscoverable" they may not rely on the discovery rule to avoid the application of any relevant statute of limitations.  See HECI Exploration Co. v. Neel, 982 S.W. 2d 881, 886 (Tex. 1998).

Plaintiffs did not sue SBLS and Ballenger until August 26, 2014.  The applicable two year statutes of limitation therefore bar Plaintiffs' claim for theft liability, civil conspiracy, tortious interference with an existing contract, negligence, negligent misrepresentation, DTPA violations and any quasi-contractual liability asserted for detrimental reliance, unjust enrichment and *quantum meruit*.

Plaintiffs conversion claim is unfounded because they have failed to allege any facts to establish the existence of a trust relationship or bailment between Plaintiffs and these Defendants as required by Texas law, Houston National Bank v. Biber, 613 F.2d 771, 774-75 (Tex. App. -- Houston [14 Dist.] 1981, writ ref'd n.r.e.), and a claim for the

3

conversion of money will not lie where only a debtor-creditor relationship exists between the parties.  Id.

The Plaintiffs' accusations of bank fraud and mail fraud allegedly committed by the Defendants will not support any actionable claims because no private cause of action exists under the federal criminal statutes for bank fraud, Park National Bank of Chicago v. Michael Boyle Co., 702 F.Supp. 703, 704 (N.D. Ill. 1989), or mail fraud.  Gary v. U.S. Bancorp., 303 F.Supp. 2d 299-302 (E.D. N.Y. 2004).

Plaintiffs claim for intentional infliction of emotional distress must be dismissed because such a claim is only cognizable as a "gap-filler" tort available only in rare circumstances where severe emotional distress is caused by a Defendant's actions, but no other legal theory of redress is available.  Hoffman-La Roche, Inc. v. Zeltwanger, 144 S.W. 3d 438, 447 (Tex. 2004).  Where, as here, other tort claims are potentially available there is simply "no gap to fill" and the claim must be dismissed.  Creditwatch, Inc. v. Jackson, 157 S.W. 3d 814, 816 (Tex. 2005).

This Court cannot even identify the breach of contract claim the Plaintiffs alleged against these Defendants.  Perhaps they believe the Defendants have breached the Deed of Trust by claiming the $120,000.00 as available under some terms of the Deed of Trust to pay any deficiency.  But it is the Plaintiffs' burden to identify the contract and contractual terms breached by the Defendants.  Koenning v. Manco, Corp., 521 S.W. 2d 691, 695 (Tex. App. -- Corpus Christi, 1975, no pet.) (A petition must aver every material

part of the contract and so much of it as is essential to state a claim and it is defective if it fails to do so.)

Plaintiffs have failed to allege any particular facts that these Defendants engaged in any closed period of repeated conduct of racketeering or engaged in any conduct that by its nature projects into the future with a threat of repetition.  As a consequence, they have failed to plead the "continuity" element required to establish a RICO claim.  Tel-Phonic Services, Inc. v. TBS International, Inc., 975 F.2d 1134, 1140 (5th Cir. 1992).

Plaintiffs § 1983 claims, if even asserted against these Defendants, are without foundation since neither Defendant is a state actor.

Because neither of these Defendants is an attorney, any claim asserted against them by Plaintiffs for legal malpractice is without foundation.

Finally, Plaintiffs' claim for the imposition of a constructive trust, apparently over the settlement funds also fails because, *inter alia*, they cannot establish a special or fiduciary relationship with them and such a relationship is a necessary element to support the imposition of a constructive trust.  Nwokedi v. Unlimited Restorations Specialists, Inc., 428 S.W. 3d 191, 210 (Tex. App. -- Houston [14 Dist.] 2013, pet'd denied.).

For all of the foregoing reasons, it is the **RECOMMENDATION** of this Court that the Amended Motion to Dismiss (Instrument no. 65) of Defendants Small Business Loan Source, LLC and Wayne Ballenger be **GRANTED** and that all claims asserted against these Defendants by Plaintiffs be **DISMISSED**.

Because Plaintiffs were recently afforded the opportunity to amend their Complaint in order to avoid the earlier round of dispositive motions it is the further **RECOMMENDATION** of this Court that the dismissal be **WITH PREJUDICE**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **March 23, 2016**, to file written objections.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____9th_____ day of March, 2016.

_____
John R. Froeschner
United States Magistrate Judge

6