IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN RAY MELCHER and MELCHER HOLDINGS, INC. | § § § | |
| V. | § § | CIVIL ACTION NO. G-14-288 |
| SMALL BUSINESS LOAN SOURCE, LLC, ET AL. | § § § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable George C. Hanks, Jr., United States District Judge, is the Motion to Dismiss of Defendants Michael O'Connor, and the law firm of O'Connor, Craig, Gould & Evans; the Motion seeks the dismissal of all claims asserted against them by Plaintiffs, John R. Melcher (Melcher) and Melcher Holdings, Inc. (MHI). Having considered the Motion the Court now submits this Report and Recommendation to Judge Hanks.

The Court assumes that by now Judge Hanks is familiar enough with the Plaintiffs' "whole story" and it will, therefore, focus only on these Defendants alleged involvement.

O'Connor and his law firm were hired on September 15, 2009, to represent the Plaintiffs in SBLS's deficiency suit against them. According to Plaintiffs, O'Connor said he would file a counter-claim against SBLS for the wrongful foreclosure of MHI's property in an effort to set the sale aside and recover the property. Apparently, O'Connor pleaded wrongful foreclosure, presumably in the answer, but the counter-claim was never filed.

O'Connor was able to defeat SBLS's Motion for Summary Judgment, but he never told Plaintiffs he had done so. Instead, he indicated to Plaintiffs that the lawsuit was "going against" them and recommended they file for bankruptcy, which Melcher, but not MHI, did on August 26, 2010. O'Connor did not represent Melcher in the bankruptcy. Melcher's debts were discharged and the deficiency action was dismissed. Plaintiffs allege that O'Connor was bribed to act in concert with Wiggins and Ballenger, SBLS's Vice-President, to misrepresent the progress of the lawsuit and deceive Melcher into filing for bankruptcy to terminate any chance to regain the property.

Although Plaintiffs assert a plethora of claims against these Defendants, the gravamen of each claim is O'Connor's participation in the scheme to defraud them out of the property. Consequently, this Court agrees with these Defendants that each claim must satisfy Rule 9(b)'s heightened pleading requirements. Lone Star Ladies Investment Club v. Schlotzsky's, Inc., 238 F.3d 363, 368 (5th Cir. 2001) (If plaintiffs claim is grounded in fraud Rule 9(b) applies). Plaintiffs have not even urged any separate "non-fraud" factual focus on any of their other claims, Williams v. WMX Technologies, Inc., 112 F.3d 175, 177 (5th Cir. 1997), therefore, if the deficient factual allegations are disregarded as to any fraud-based claims, no other claims have been stated. Lone Star Ladies, 238 F.3d at 368.

This Court is no big "fan" of "Twombal's" pleading requirements, but turning to the Plaintiffs' Amended Complaint it becomes clear upon inspection that the "factual" allegations of Plaintiffs are nothing more than speculation that O'Connor conspired with

2

Wiggins and Ballenger to defraud them. Each referenced meeting/conversation/email communication between O'Connor, Wiggins, Ballenger, or some other person is premised only on Plaintiffs' "information and belief" and the same is true for the referenced bribes paid to O'Connor. Moreover, O'Connor was, by reasonable inference, able to successfully defeat SBLS's Motion for Summary Judgment which is obviously inconsistent with any allegations of an intent to defraud. There is not even any allegation that Melcher was tricked into filing an unwarranted bankruptcy petition. In fact, at the time he filed he was facing, at least, a potential deficiency judgment in excess of $120,000.00 and he had no property upon which to build his proposed business. Plaintiffs have not even hinted that Melcher was able to pay his bills when due; indeed, it looks as though bankruptcy was a very desirable way to wipe out his debts.

Rule 9(b) requires much more "factual" particularity to state a claim that is plausible on its face. It requires the Plaintiff to set forth the "who, what, when, where and how" of any alleged fraud, <u>Dorsey v. Portfolio Equities, Inc.</u>, 540 F.3d 333, 339 (5th Cir. 2008) and the "time, place and contents of any false representations and who made them before access to the discovery process is granted." <u>WXM Tech.</u>, 112 F.3d at 177. In the opinion of this Court, the Plaintiffs' allegations fall far short.

The Court also notes in passing that any claims asserted by Plaintiffs against these Defendants which are governed by a two-year statue of limitations would be time-barred.

It is, therefore, the **RECOMMENDATION** of this Court that the Motion to Dismiss (Instrument no. 58) of Defendants, Michael O'Connor, the law firm of O'Connor, Craig, Gould & Evans, be **GRANTED** and that all claims asserted against them by Plaintiffs be **DISMISSED**.

Because Plaintiffs were recently afforded the opportunity to amend their Complaint in order to avoid the earlier round of dispositive motions it is the further **RECOMMENDATION** of this Court that the dismissal be **WITH PREJUDICE**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **March 23, 2016**, to file written objections. <u>The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>. Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____9th____ day of March, 2016.

John R. Froeschner
United States Magistrate Judge