IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN RAY MELCHER and MELCHER HOLDINGS, INC. | § § § | |
| V. | § § | CIVIL ACTION NO. G-14-288 |
| SMALL BUSINESS LOAN SOURCE, LLC, ET AL. | § § § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable George C. Hanks, Jr., United States District Judge, is the "Defendant's First Bank's Motion to Dismiss Plaintiffs' First Amended Complaint for Failure to State a Claim"; the Motion seeks the dismissal of all claims asserted against First Bank by Plaintiffs, John Ray Melcher and Melcher Holdings, Inc. (MHI). Having considered the Motion the Court now issues this Report and Recommendation.

The Plaintiffs' specific allegations against First Bank can be quickly summarized. MHI's attorneys settled the corporation's lawsuit against TWIA for windstorm damage to its real property in Kemah, Texas, for about $220,000.00. By the time of the settlement, the property had been sold at foreclosure, Melcher had filed for personal bankruptcy, and First Bank was the assignee of MHI's original SBA loan. MHI's attorneys contacted First Bank's attorney to inquire about First Bank's priority claim to any available settlement funds to cure any outstanding deficiency owed by MHI. As a result, First Bank agreed to

intervene in the TWIA litigation and lay claim to any funds left after the deduction of the attorney's fees and costs. When the settlement was funded the attorneys took about $100,000.00 and the remaining $120,000.00 was paid to First Bank on November 1, 2012, and credited against the existing deficiency. The Plaintiffs ultimately suspected they had been cheated by the attorneys and First Bank. They hired a new lawyer, but by the time they discovered the division of the settlement funds it was too late to seek to have the settlement set aside as to First Bank. As a result, this suit was filed against, *inter alios*, MHI's prior attorneys and First Bank. First Bank has now moved for the dismissal of all claims asserted against it by Plaintiffs pursuant to Rule 12(b)(6) for failing to state any plausible claims. First Bank's Motion is now ripe for a determination.

At the outset, the Court notes that the Plaintiffs have not filed any response to First Bank's Motion. They seemingly concede the merits of the Motion, but they have not expressly done so. Consequently, since a Rule 12(b)(6) motion may not be granted by default, Issa v. Comp USA, 354 F.3d 1174, 1176 (10th Cir. 2003), this Court must examine the allegations of the Plaintiffs' 53-page Amended Complaint to determine whether there is factual support for any of their claims targeting First Bank. Unfortunately, given the Plaintiffs' vague inclusive allegations the Court is forced to assume that, somehow, each of the 17 causes of action mentioned in the Amended Complaint target First Bank.

Luckily, one aspect of the Court's task is fairly easy: when it appears clear from the face of the complaint that the relief sought is barred by the applicable statute of limitations, any such claim may be dismissed under Rule 12(b)(6). Bush v. United States of America, 823 F.2d 909, 910 (5th Cir. 1987) (citing, *inter alia*, Kaiser Aluminum & Chemical Sales, Inc. v. Abondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982) cert. denied, 459 U.S. 1105). In their Amended Complaint Plaintiffs admit they learned of the foreclosure on MHI's property in June 2009. The Plaintiffs also allege that they knew of the TWIA settlement no later than April 10, 2012. This suit was not filed until August 26, 2014. Consequently, their claims against First Bank for wrongful foreclosure, fraudulent concealment of the foreclosure, breach of contract for wrongfully foreclosing and RICO violations are barred by the applicable four-year statutes of limitation.[1] In addition their claims for theft liability[2]; conspiracy to commit theft of the settlement funds;[3] tortious interference with an existing contract by wrongfully foreclosing in collusion with other conspirators[4]; and negligence in claiming the settlement funds[5] are barred by the applicable

---

[1] See TEX.CIV.PRAC. & REM. CODE §§ 16.035(a) and 16.051; see also, Ratella v. Woods, 147 F.3d 438, 439-40 (5th Cir. 1988), aff'd 528 U.S. 549 (2000)) (RICO).

[2] J&J Sports Productions, Inc. v. JWJ Management, Inc., 324 S.W. 3d 823, 832 (Tex. App. -- Fort Worth, 2010, no pet.)

[3] Mayes v. Stewart, 11 S.W. 3d 440, 453 (Tex. App. -- Houston [14 Dist.] 2000, pet. denied.)

[4] First National Bank of Eagle Pass v. Levine, 721 S.W. 2d 287, 289 (Tex. 1986)

[5] TEX.CIV.PRAC.& REM. CODE § 16.003(a)

two-year statutes of limitations. The Plaintiffs' attempts to rely on the "Discovery Rule" to extend the limitations periods are unavailing because the factual admissions contained in their Amended Complaint preclude the necessary elemental finding that their injuries were "inherently undiscoverable." HECI Exploration Co. v. Neel, 982 S.W. 2d 881, 886 (Tex. 1998) (For the discovery rule to apply the nature of the plaintiff's injury must be inherently undiscoverable.)

The Plaintiffs' common law fraud and statutory fraud claims spring from the conclusory allegations that two or more of at least 13 named Defendants, including First Bank through an employee or agent, had a meeting of the minds to defraud the Defendants by making false statements of material facts that enticed Plaintiffs' reliance and caused them injury. Controlling law requires more: "thread-bare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice" to state a claim that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, Rule 9(b) requires that allegations of fraud "must state with particularity the circumstances constituting fraud." That is, "the who, what, when and where must be laid out *before* access to the discovery process is granted." Williams v. WMX Technologies, Inc., 112 F.3d 175, 178 (5th Cir. 1997) (emphasis in original). Failure to comply with Rule 9(b) may result in a 12(b)(6) dismissal. United States X Rel. Doe v. Dow Chemical Co., 343 F.3d 325, 329-30 (5th Cir. 2003). The Plaintiffs' Amended Complaint simply fails to specify who participated in any alleged fraudulent scheme, any false statements that

4

were made, when they were made, who made them, or how Plaintiffs relied upon them. This utter failure merits dismissal.

Plaintiffs' conversion claim is completely unfounded. If they are claiming MHI's property was "converted" by First Bank the claim fails because Texas does not recognize a cause of action for the conversion of real property. Cage Brothers v. Whiteman, 163 S.W. 2d 638, 641 (1942). If they are claiming conversion of the windstorm settlement fund, in whole or in part, they have failed to allege any facts to establish the existence of a trust relationship or bailment between them and First Bank as required by Texas law. Houston National Bank v. Biber, 613 F.2d 771, 774-75 (Tex. App. -- Houston [14 Dist.] 1981, writ ref'd n.r.e.). A suit for the conversion of money will not lie where only a debtor-creditor relationship exists between the parties. Id.

The Plaintiffs accusations of bank fraud and mail fraud allegedly committed by First Bank will not support any actionable claims because no private cause of action exists under the federal criminal statues for bank fraud, Park National Bank of Chicago v. Michael Boyle Co., 702 F.Supp. 703, 704 (N.D. Ill. 1989), or mail fraud. Garay v. U.S. Bancorp., 303 F.Supp. 2d 299, 302 (E.D. N.Y. 2004).

Plaintiffs' breach of contract claim has no merit against First Bank because they have not even alleged the existence of any contractual terms First Bank, as assignee of SBLS, may have breached by claiming the $120,000.00 to cure MHI's deficiency. It is the Plaintiffs' burden to identify the contract and contractual terms breached by the

5

Defendants. Koenning v. Manco, Corp., 521 S.W. 2d 691, 695 (Tex. App. -- Corpus Christi, 1975, no pet.) (A petition must aver every material part of the contract and so much of it as is essential to state a claim and it is defective if it fails to do so.)

Melcher's claim for intentional infliction of emotional distress must be dismissed because such a claim is only cognizable as a "gap-filler" tort available only in rare circumstances where severe emotional distress is caused by a defendant's actions, but no other legal theory of redress is available. Hoffman-LaRoche, Inc. v. Zeltwanger, 144 S.W. 3d 438, 447 (Tex. 2004). Where, as here, other tort claims are potentially available there is simply "no gap to fill" and the claim must be dismissed. Creditwatch, Inc. v. Jackson, 157 S.W. 3d 814, 816 (Tex. 2005).

The Plaintiffs' negligent misrepresentation claim fails for much the same reason as their fraud claims: they have failed to plead any facts to support the claim. The Amended Complaint does not identify any representation made by First Bank, how it was false, or how First Bank failed to exercise reasonable care in obtaining or communicating whatever false statements the Plaintiffs are claiming they relied upon.[6] Simply pleading the cause of action by name does not suffice. Iqbal, 556 U.S. at 678.

---

[6] See Federal Land Bank Ass'n v. Sloane, 825 S.W. 2d 439, 442 (Tex. 1991), for the elements of a negligent misrepresentation claim.

Plaintiffs' breach of fiduciary duty by First Bank fails because a debtor-creditor relationship alone is not sufficient to create any fiduciary relationship between Plaintiffs and First Bank, Thigpen v. Locke, 363 S.W. 2d 247, 253 (Tex. 1963), therefore, First Bank owed no fiduciary duty to the Plaintiffs that it could breach.

Plaintiffs' detrimental reliance "claim" fails because detrimental reliance is not an independent claim at all, Garcia v. Lucero, 366 S.W. 3d 275, 280 (Tex. App. -- El Paso, 2012, no pet.), it is merely one of the elements of a promissory estoppel claim, which Plaintiffs have not pleaded.

The Plaintiffs' DTPA claim fails because the only relationship they had with First Bank was a debtor-creditor relationship. The DTPA only protects "consumers" who seek or acquire goods or services, Mendoza v. American National Ins. Co., 932 S.W. 2d 605, 608 (Tex. App. -- San Antonio 1996), no writ), and persons who borrow money are *not* consumers because money is not a good or a service. Riverside National Bank v. Lewis, 603 S.W. 2d 169, 174-75 (Tex. 2008).

Plaintiffs unjust enrichment and quasi-contract allegations against First Bank also fail because an expressed contract, the Deed of Trust for the purchase of MHI's property, covered all matters in issue between them. An unjust enrichment "claim"[7] sounds in quasi-contract or contract implied by law; there can be no recover on the theory of unjust

---

[7] "Unjust Enrichment is not per se a cause of action, but a legal theory to support a claim for restitution or the seeking of the imposition of a constructive trust. See Mowbray v. Avery, 76 S.W. 3d 663, 680 (Tex. App. -- Corpus Christi 2002, pet. denied.)

7

enrichment or quasi-contract when the same matter is covered by an expressed contract. Fortune Production Co. v. Conoco, Inc., 52 S.W. 3d 671, 684 (Tex. 2000).

Plaintiffs' claim for the imposition of a constructive trust, apparently over MHI's real property and/or the settlement funds until this lawsuit is resolved, also fails. As to First Bank, it has no control over the real property and, as explained above, it has no special or fiduciary relationship with Plaintiffs: such a relationship is a necessary element to support the imposition of a constructive trust. Nwokedi v. Unlimited Restorations Specialists, Inc., 428 S.W. 3d 191, 210 (Tex. App. -- Houston [14 Dist.] 20013, pet. denied.)

Plaintiffs' § 1983 claim fails for the simple reason that First Bank is not a state actor.

Finally, the Plaintiffs' legal malpractice claim has no foundation for assertion against First Bank because First Bank is not a law firm.

For all of the foregoing reasons, it is the **RECOMMENDATION** of this Court that First Bank's Motion to Dismiss (Instrument no. 70) be **GRANTED** and that all claims asserted by Plaintiffs against First Bank in their Amended Complaint be **DISMISSED**.

Because Plaintiffs were recently afforded the opportunity to amend their Complaint in order to avoid the earlier round of dispositive motions it is the further **RECOMMENDATION** of this Court that the dismissal be **WITH PREJUDICE**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **March 23, 2016**, to file written objections. <u>The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>. Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____9th_____ day of March, 2016.

_____
John R. Froeschner
United States Magistrate Judge