IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN RAY MELCHER<br>and MELCHER HOLDINGS, INC. | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. G-14-288 |
| SMALL BUSINESS LOAN SOURCE,<br>LLC, ET AL. | §<br>§<br>§ | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable George C. Hanks, Jr., United States District Judge, is the Motion to Dismiss of Defendants Jason Speights, Todd Worrich and the Speights Law Firm, LLP; the Motion seeks the dismissal of all but one of the claims asserted against these Defendants by Plaintiffs, John Ray Melcher and Melcher Holdings, Inc.. Having considered the Parties submissions, the Court now issues this Report and Recommendation.

About six months after the alleged Wiggins conspiracy perfected the foreclosure on the Kemah property owned by Melcher Holdings, Inc. (MHI), MHI hired the Speights Law Firm to sue TWIA for wind damage to the property during Hurricane Ike. That suit was ultimately settled in December 2011 for about $220,000.00. In the meantime, John Ray Melcher (Melcher) had filed for personal bankruptcy and his Chapter 7 Petition was still pending when the TWIA suit settled. At the time of the TWIA settlement, MHI was potentially liable for a deficiency on its SBA loan in excess of $120,000.00. As a result, after

the law firm deducted its fee of about $100,000.00 from the settlement checks, the remaining amount was paid to First Bank, the then-assignee of the SBA loan.

In their First Amended Complaint it appears the Plaintiffs have sued Speights, Worrich and the Law Firm for all the claims asserted against every other named Defendant and, in addition, for legal malpractice. In a nutshell, the Plaintiffs accuse these Defendants of mishandling the TWIA settlement funds in furtherance of the Wiggins conspiracy.

As for the alleged involvement in the Wiggins conspiracy to acquire MHI's property, Plaintiffs' claims fail. As far as the Plaintiffs are concerned, the central objection of the conspiracy, the foreclosure on MHI's property, had clearly been completed by the time these Defendants became involved with the Plaintiffs, and the relevant conspiratorial period is determinative. If the central object of a conspiracy has been accomplished, evidence of subsequent events designed to conceal that accomplishment cannot be relied upon to establish liability for an implied conspiracy to conceal the completed injury. Cf. United States v. Etheridge, 424 F.2d 951, 964 (6th Cir. 1970) (citing, Grunewald v. United States, 353 U.S. 391 (1957). In short, there was no conspiracy these Defendants could have joined. For this same reason, Plaintiffs' RICO claim fails. The RICO claim is based upon the alleged Wiggins conspiracy to illegally acquire, *inter alia*, MHI's property in support of its underlying economic goal to control the Kemah waterfront. These Defendants simply prosecuted MHI's windstorm claim.

Plaintiffs argue that the settlement funds should have been tendered to Melcher's bankruptcy trustee. Melcher alleges that because he was the sole stockholder of MHI the corporation was just a "legal fiction" and, therefore, the settlement funds were the absolute property of Melcher's bankruptcy estate. Melcher is wrong. Under applicable Texas law, a corporation is a separate legal entity from its shareholders and officers and even a sole shareholder cannot recover damages for injuries to the corporation. Singh v. Morris, 338 S.W. 3d 176, 181-82 (Tex. App. -- Houston [14 Dist.] 2011, writ denied.). As a result, Melcher's bankruptcy estate had no claim to the settlement funds. In fact, the Defendants have submitted a copy of a letter from the bankruptcy trustee to counsel for First Bank disclaiming any interest in the funds. They have also submitted a copy of the security agreement in favor of First Bank's interest, as assignee, in the funds and the Settlement, signed by Melcher on behalf of MHI, authorizing payment of the relevant funds the firm and First Bank's predecessor in interest.[1]

Plaintiffs' § 1983 claim fails for the simple reason that these Defendants are not state actors. See In re Griffiths, 413 U.S. 717, 729 (1973) (Although lawyers are generally licensed by the states, "they are not officials of government by virtue of being lawyers.").

---

[1] Despite the Plaintiffs' objections, these documents may be considered without converting the Motion to one for summary judgment because the letter is a public record subject to judicial notice and the other two are documents the Plaintiffs appear to have had knowledge of and on which they relied in bringing this lawsuit. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 ($2^d$ Cir. 2002). Nevertheless, even in the absence of the documents, the result would be the same, the bankruptcy estate had no interest in the settlement funds.

Finally, all other state law claims, except MHI's legal malpractice claim, must also be dismissed.[2] These Defendants are protected by the Texas "Anti-Fracturing Rule" which bars a Plaintiff from opportunistically "fracturing" a legal malpractice claim into other theories of recovery. Riverwalk C Y Hotel Partners, Ltd. v. Akin Gump Strauss Hauer & Feld, L.L.P., 391 S.W. 3d 229, 236 (Tex. App. -- San Antonio, 2007, pet. denied.). Here, the gist of the Plaintiffs' lawsuit against these Defendants is with respect to their management, safeguarding and distribution of the settlement proceeds. Regardless of the numerous labels Plaintiffs have placed on their myriad claims, the crux of their complaint is that the actions of these Defendants fell below the standard of care, skill or diligence that attorneys of ordinary skill and knowledge commonly possess: legal malpractice. Cf. Law Office of Oscar C. Gonzales v. Sloan, 447 S.W. 3d 98, 106-112 (Tex. App. -- San Antonio, 2014). Consequently, all of the Plaintiffs' state law claims, except the malpractice claim, are barred by the "Anti-Fracturing Rule."

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the Motion to Dismiss (Instrument no. 96) of Defendants Jason Speights, Todd Worrich and the Speights Law Firm, LLP be **GRANTED IN PART** and that all claims, except the legal malpractice claim of MHI, asserted by the Plaintiffs against Jason Speights, Todd Worrich and the Speights Law Firm, LLP be **DISMISSED**; and **DENIED IN PART as to the legal malpractice claim**.

---

[2] Melcher cannot sue these Defendants for malpractice because he was not their client. Barcelo v. Elliot, 923 S.W. 2d 575, 577 (Tex. 1996) (Attorney owes a duty of care only to his client, and the privity rule requires this relationship as a predicate for a legal malpractice claim.)

4

Because Plaintiffs were recently afforded the opportunity to amend their Complaint in order to avoid the earlier round of dispositive motions it is the further **RECOMMENDATION** of this Court that the dismissals be **WITH PREJUDICE**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **March 23, 2016**, to file written objections. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ___9th___ day of March, 2016.

John R. Froeschner
United States Magistrate Judge